NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-CV-335-KSF

KENNETH HICKS                          PLAINTIFF

VS:            **MEMORANDUM OPINION AND ORDER**

STEPHEN M. DEWALT, ET AL.              DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Defendants' Motion to Dismiss or in the Alternative, Motion for Summary Judgment.

## BACKGROUND

Kenneth Hicks was in the custody of the Federal Bureau of Prisons ("BOP") and incarcerated at the Federal Medical Center in Lexington, Kentucky, when he paid the District Court filing fee for a civil action and initiated the instant *pro se* civil rights case pursuant to 28 U.S.C. § 1331 and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 430 U.S. 388 (1971).

In his complaint, Plaintiff admits to being obese, writing that he is 6 feet and 6 inches tall and weighs 561 pounds. He claims that he has always been extremely large, and when he arrived at the Federal Medical Center ("FMC")-Lexington, he weighed 785 pounds but was fully mobile, with no back pain. However, in March of 2003, he suffered a fall, to which he traces his current back pain. Hicks attaches copies of medical records from 2003, 2004, and 2007.

Plaintiff alleges that he now suffers extreme back pain and gets around with the use of a 36-inch wide wheelchair, which cannot access certain areas of the facility. Hicks provides copies of

seven December 18, 2006, "Inmate Request to Staff Member" forms which he completed and sent to prison staff, as he began the BOP process to obtain relief by filing for administrative remedies. Attachments to the instant complaint show that Administrative Remedy No. 442191, was pursued to every level of the BOP, thus achieving the exhaustion of the process, prior to this filing. Ex. 8-13.

Upon screening the complaint and attachments, the Court construed the Plaintiff's allegations as claims that the named Federal Medical Center ("FMC")-Lexington employee-Defendants (1) are deliberately indifferent to his serious medical needs, in violation of the U.S. Constitution's Eighth Amendment; (2) deny him due process of law in violation of the Fifth Amendment; (3) discriminate based on his obesity and race, for which he has brought this action under 42 U.S.C. § 1981; (4) conspire to violate his civil rights, compensable under 42 U.S.C. §§ 1985-85; and (5) do not comply with the Rehabilitation Act of 1973 ("RA") and the Americans with Disabilities Act ("ADA").

The Court directed that summons issue for FMC Warden Dewalt; Clinical Director Dr. Michael Growse; Health Care Unit Manager Kenneth Coleman; Primary Care Physician Dr. Holbrook; Associate Warden Gregory T. Kapusta; and Associate Warden Edward Johnson in their official and individual capacities, to respond to Hicks' allegations and demands for declaratory, injunctive, and damage relief.

**DEFENDANTS' MOTION**

The Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b), based on Plaintiff's purported failure to establish a Constitutional violation and because the Defendants are entitled to qualified immunity; alternatively, they seek entry of summary judgment in their favor pursuant to Federal Rule of Civil Procedure 56.

In an attached memorandum and supporting declarations from all of the Defendants, these

BOP employees describe the Plaintiff's many and varied medical conditions, some of which are not related to his obesity; and they trace the medical attention and accommodations which Plaintiff has received at FMC-Lexington, from the time of his arrival in 2002, year by year, to January of 2008. It is their contention that his care was and is appropriate for him. Further, he has been offered accommodations and/or programs which he has declined.

With regard to applicable law, the Defendants challenge the Plaintiff's characterization of his obesity as a disability for purposes of the ADA or a handicap under the RA; further, they contend that case law has established that these Acts do not apply to BOP programs. The Defendants also argue that the Plaintiff's allegations lack specificity generally as to which Defendant did what and when, in violation of his rights, and they point out that liability cannot be imposed on any of the supervisory Defendants without specific allegations of personal involvement in the complained-of events.

As to the claims based on the Constitution, the Defendants contend that Plaintiff has failed to state a claim of Constitutional dimension. They write that Hicks gives virtually no facts to support his discrimination claim; his Eighth Amendment claims fail because he has failed to present either the objective or subjective component of such a claim; and they are entitled to qualified immunity because the Plaintiff has failed to establish the requisite violation of a Constitutional right. Additionally, the Defendants point out that once they have carried their burden of showing that there is no genuine issue of material facts, as they purportedly have done herein, the burden falls to the Plaintiff to go beyond the pleadings to show that there is a genuine issue for trial. Absent such a showing, the Defendants pray that the Court enter summary judgment in their favor.

The Plaintiff was initially granted 30 days in which to file a Response to the Defendants'

Motion, and upon his Motion, on May 2, 2008, he was granted a 60-day extension of time, making his Response due July 2, 2008. As of today's date, however, he has not responded.

## DISCUSSION

Nineteen years ago the appellate court in this circuit wrote that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Scott v. State of Tenn.*, 878 F.2d 382, 1989 WL 72470 (6th Cir. 1989) (citing *Elmore v. Evans*, 449 F.Supp. 2, 3 (E.D.Tenn.1976), *aff'd,* 577 F.2d 740 (6th Cir.1978) (unpublished per curiam)). The Sixth Circuit continued,

> . . . In *Elmore,* we affirmed a district court order that granted defendants' motion for a judgment on the pleadings. *See Elmore,* 577 F.2d 740; Fed.R.Civ.P. 12(c). Because the plaintiff failed to make a timely response to defendants' motion, the district court properly deemed the plaintiff to have waived his objections and found the defendants' motion to be meritorious. *See Elmore,* 449 F.Supp. at 3. *See also* . . . E.D.Tenn.R. 10.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").

*Scott*, 878 F.2d at *2.

Nineteen years later, on May 15, 2008, the Sixth Circuit quoted from *Scott* and *Elmore*, *inter alia*, in affirming the dismissal of a complaint upon the Defendants' Motion to Dismiss which went unopposed in the United States District Court for the Northern District of Ohio. *Humphrey v. United States Attorney General's Office*, 2008 WL 2080512 (6th Cir. 2008) (slip op.). The appellate court affirmed the district court's dismissal, after stating the waiver principle as stated in *Scott* and also finding that the non-responsive plaintiff's "claims are not well taken." *Id.* at *3.

Adopting the *Humphrey* procedure, this Court notes that Hicks did not oppose the instant Motion. The Defendants' declarations as to their attempts to help and accommodate Hicks' problems, therefore, are uncontroverted. Further, the Court finds that the grounds for the

4

Defendants' Motion are well taken and supported factually and legally. The Court agrees with them that in his complaint, Plaintiff alleged that the Defendants discriminated, were deliberately indifferent to his serious medical needs, and made other broad assertions, but he did not state who did what or when, and/or how he was damaged. Nor has he done so six months later.

The Court is not unmindful of Hicks' being a *pro se* litigant. However, with regard to the sufficiency of *pro se* pleadings, the Sixth Circuit has noted:

> Before the recent onslaught of *pro se* prisoner suits, the Supreme Court suggested that *pro se* complaints are to be held to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). Neither that Court nor other courts, however, have been willing to abrogate basic pleading essentials in *pro se* suits. *See*, *e.g.*, *id.* at 521 (holding petitioner to standards of *Conley v. Gibson*); *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir.) (duty to be less stringent with *pro se* complaint does not require court to conjure up unpled allegations), *cert. denied*, 464 U.S. 986 (1983); *McDonald v. Hall*, 610 F.2d 16 (1st Cir. 1979) (same); *Jarrell v. Tisch*, 656 F. Supp. 237 (D. D.C. 1987) (*pro se* plaintiffs should plead with requisite specificity so as to give defendants notice); *Holsey v. Collins*, 90 F.R.D. 122 (D. Md. 1981) (even *pro se* litigants must meet some minimum standards).

*Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The pleadings in this case have not set forth the factual basis of the claim in a manner that gives the Defendants proper notice and does not require either the Defendants or this Court to "conjure up unpled allegations." "A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits the facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976), *cert. denied*, 431 U.S. 914 (1977)).

When a plaintiff/petitioner generally alleges that he has been deprived of rights, privileges

5

or immunities secured by the federal Constitution and/or laws and/or amendments thereto, but the petitioner/plaintiff nowhere identifies the substance of the alleged deprivation, such conclusory statements are insufficient under 42 U.S.C. § 1983 and 28 U.S.C. § 1331. *See O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994) (citing *See Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir.), *cert. denied*, 484 U.S. 945 (1987)).

Further, liability for a violation of a person's civil rights cannot be imposed on any Defendant absent that Defendant's personal actions. Again, bare and conclusory allegations that a defendant personally deprived plaintiff of constitutional or statutory rights are insufficient. *See Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983). In a *Bivens* or Section 1983 civil rights lawsuit, *respondeat superior* does not impute liability onto supervisory personnel such as wardens and managers or clinical directors, as herein. In order to find them liable, Plaintiffs must allege that supervisors condoned, encouraged or participated in the alleged misconduct. *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989). Defendants without personal involvement or participation in the unconstitutional acts must be dismissed. *Rizzo v. Goode*, 423 U.S. 362 (1976). Under these principles, all of the instant Defendants are entitled to dismissal.

Additionally, Hicks' sketchy statutory and Constitutional claims fail as a matter of law. The ADA and the RA are not applicable for reasons stated by the Defendants. There is no showing of actions by the Defendants which evidence that any of them have been deliberately indifferent to Plaintiff's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Nor has the Plaintiff recounted any actions by any Defendant which evidence any conspiracy, discrimination, or discriminatory intent. *See Blackburn v. Fisk University*, 443 F.2d 121 (6th Cir. 1971). The allegations in Hicks' sole pleading are so insufficient and have fallen so far short of stating a

cognizable federal claim upon which this Court may grant relief, that the Defendants are entitled to dismissal.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)  The Defendants' Motion to Dismiss for failure to state a claim [Record No. 22] is **GRANTED**;

(2)  this action will be **DISMISSED**; and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

This 24th day of July, 2008.

Signed By:

*Karl S. Forester*  KSF

**United States Senior Judge**